OPINION
{¶ 1} Defendant-appellant Aaron Miller appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of aggravated robbery with a firearms specification, one count of carrying a concealed weapon, and one count of illegal possession of a firearm in a liquor permit premises. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In December 2005, appellant was staying at the home of Dawn Hayes, a friend. On December 20, 2005, Hayes returned home from work and was confronted by appellant, who asked to borrow money from her. When Hayes refused, appellant persisted, eventually pointing a .380 caliber handgun at Hayes and demanding the money. Appellant repeated his demands for money, and Hayes handed appellant $150 in cash. Appellant then demanded Hayes' jewelry. Hayes later discovered appellant had ransacked her house.
 {¶ 3} Officer Kevin Brown of the Alliance Police Department responded to Hayes' call, and obtained a warrant for appellant's arrest.
 {¶ 4} On January 29, 2006, Hayes learned appellant was at the BW-3s restaurant in Alliance-a liquor establishment with a license to sell alcohol. Hayes called the Alliance Police Department, and appellant was later arrested inside the restaurant. Incidental to appellant's arrest, officers discovered a .380 caliber handgun concealed underneath his jacket and stuck in the right front of his waistband. The gun was later determined to be an operable firearm.
 {¶ 5} On February 27, 2006, the Stark County grand jury indicted appellant on one count of aggravated robbery with a firearm specification, a first degree felony, in violation of R.C. 2911.01(A)(1) and R.C 2941.145, one count of carrying a concealed weapon, a fourth degree felony, in violation of R.C. 2923.12(A)(2), and one count of illegal possession of a firearm in a liquor permit premises, a fifth degree felony, in violation of R.C. 2923.121(A). Appellant entered a plea of not guilty to the charges.
 {¶ 6} Following a jury trial, appellant was found guilty of all three counts. The trial court sentenced appellant to three years on the aggravated robbery charge, with an attendant three year term for the firearm specification, to be served consecutively, seventeen months on count two and eleven months as to count three, to be served concurrently, for a total term of six years.
 {¶ 7} On September 6, 2006, counsel for appellant filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967) 388 U.S. 924, indicating the within appeal was wholly frivolous. However, in said brief, counsel for Appellant raised two potential assignments of error:
 {¶ 8} "I. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 9} "II. THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I {¶ 10} In the first assignment of error, appellant argues he was denied the effective assistance of trial counsel.
 {¶ 11} The test for ineffective assistance of counsel is set forth inState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E .2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258, 111 L.Ed.2d 768. Appellant must establish the following:
 {¶ 12} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 13} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 14} Specifically, appellant asserts trial counsel erred in conceding the charges of carrying a concealed weapon and possession of a firearm on a premise licensed for the sale of liquor during voir dire and opening statements.
 {¶ 15} Initially, we note there is wide latitude given to legal counsel that decisions made at the trial court level may have been tactical discretions and should be afforded a presumption of competency.Strickland, 466 U.S. at 689; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,301, 209 N.E.2d 164 (a properly licensed attorney is presumed competent); State v. Dixon, 101 Ohio St.3d 328, 805 N.E.2d 1042,2004-Ohio-1585, at 52 (great deference must be shown to counsel's in matters of trial strategy).
 {¶ 16} Counsel's decision to concede on the obvious charges involving testimony from Officer Brown to preserve appellant's credibility to attack the more serious contested charge of aggravated robbery was viable trial strategy. The aggravated robbery charge was contingent upon the credibility of Hayes and appellant's alibi witnesses, and counsel chose to preserve the appellant's credibility on this charge by conceding his guilt on the other less serious charges as testified to by Officer Brown. Accordingly, counsel's actions fell within the wide range of reasonable professional assistance.
 {¶ 17} The first proposed assignment of error is overruled.
 II {¶ 18} In the second assignment of error, appellant argues his conviction for aggravated robbery is against the manifest weight and sufficiency of the evidence
 {¶ 19} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 20} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 21} Appellant was charged with aggravated robbery, a first degree felony, in violation of R.C. 2911.01(A) (1 ), which reads:
 {¶ 22} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 23} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;"
 {¶ 24} Appellant argues the only evidence of an aggravated robbery was Hayes' police report, her written statement and subsequent self-serving testimony.
 {¶ 25} At trial, Hayes testified appellant produced a firearm and demanded money after she initially turned down his request to borrow money. After taking the cash, appellant demanded Hayes' jewelry on her person and stole the jewelry stored in her home.
 {¶ 26} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1. We find the jury's verdict of guilt on the aggravated robbery charge is not against the manifest weight or sufficiency of the evidence.
 {¶ 27} Accordingly, appellant's second proposed assignment of error is overruled.
 {¶ 28} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.
 {¶ 29} Hence, we find the appeal to be wholly frivolous underAnders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
Hoffman, P.J., Wise, J., and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.