JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Terry Crumpton appeals his conviction and sentence. Crumpton assigns the following error for our review:
 {¶ 2} "The appellant was denied the effective assistance of counsel inviolation of the Sixth and Fourteenth Amendments of the FederalConstitution."
 {¶ 3} Having reviewed the record and pertinent law, we affirm Crumpton's conviction and sentence. The apposite facts follow.
 {¶ 4} On November 17, 2004, the Cuyahoga County Grand Jury indicted Crumpton on two counts of drug trafficking, one count each of drug possession, possession of criminal tools, and resisting arrest. The matter proceeded to a jury trial, which commenced on October 16, 2006.
 Jury Trial {¶ 5} Thomas Azzano of the Cuyahoga Metropolitan Housing Authority testified that around 4:00 a.m. on September 16, 2004, he and fellow police officer, Charles Schultz, were on routine patrol in the 4700 Block of Quincy Avenue in Cleveland, Ohio. Officer Azzano testified that he observed Crumpton, who was on a bicycle, flag down a red car. The red car pulled to the curb, Crumpton approached the driver's side of the car, and proceeded to engage in a hand-to-hand transaction. *Page 4 
 {¶ 6} Officer Azzano testified that upon observing the hand-to-hand transaction, he turned the cruiser around and proceeded in Crumpton's direction. The red car immediately drove away and Crumpton began riding away. Officer Schultz exited the cruiser and began pursuing Crumpton, on foot, who pedaled through one of the adjoining buildings.
 {¶ 7} Moments later, Officer Azzano intercepted Crumpton. Officer Azzano exited the cruiser, threw his baton into the bicycle's front wheel, which caused Crumpton to fall off the bicycle. Officer Azzano testified that as he approached Crumpton, he observed him pull a bag from his pants pocket and throw it to the ground. Officers Azzano and Schultz immediately wrestled Crumpton to the ground and then hand-cuffed him.
 {¶ 8} Officer Schultz testified in conformity with Officer Azzano, but added that he observed the driver of the red car hand Crumpton a twenty dollar bill. In addition, Officer Schultz testified that during the pursuit, he never lost sight of Crumpton. Further, Officer Schultz testified that the bag Crumpton threw to the ground contained crack cocaine. Finally, Officer Schultz testified that they recovered $51 from Crumpton.
 {¶ 9} Crumpton testified on his own behalf. Crumpton testified that he was visiting an ex-girlfriend who lived in the housing complex where the events took place. Crumpton testified that he was walking to the store when he encountered a man on a bicycle selling bootlegged DVDs. While talking to this individual about the *Page 5 
DVDs, the man suddenly rode away. Crumpton, believing that something was about to happen, also started to run, but was accosted by the police, wrestled to the ground, and hand-cuffed.
 {¶ 10} Finally, Crumpton denied being on a bicycle, being near a red car, and having drugs on his person.
 {¶ 11} On October 18, 2006, the jury found Crumpton guilty of drug possession, a fifth degree felony. On November 21, 2006, the trial court sentenced Crumptom to one year of community control sanctions.
 Ineffective Assistance of Counsel {¶ 12} In the sole assigned error, Crumpton argues he was denied the effective assistance of counsel. Crumpton specifically contends that during closing arguments, trial counsel conceded that he was guilty of drug possession. We disagree.
 {¶ 13} We review a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington.[1] UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient *Page 6 
performance.[2] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different.[3] Judicial scrutiny of a lawyer's performance must be highly deferential.[4]
 {¶ 14} Further, we note there is wide latitude given to legal counsel that decisions made at the trial court level may have been tactical discretions and should be afforded a presumption of competency.[5]
Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance.[6] Applying these standards, we decline to view trial counsel's statements in a vacuum, but choose to examine them in the context of the trial as a whole.
 {¶ 15} During closing arguments, Crumpton's trial counsel made the following statement, which Crumpton now claims was a concession of guilt to drug possession: *Page 7 
 "* * * And I told you earlier, it's my contention there's evidence to doubt whether or not the officers saw a drug transaction, especially in light of the fact that the so-called money that was exchanged was never presented to you as evidence. And the bicycle we heard about, what happened there? That can be considered evidence. * * * I'm just arguing, but we really don't know whether or not Terry Crumpton or whoever the suspect that the police saw or arrested was actually purchasing cocaine or selling it. There's simply no clear evidence that would take you beyond a reasonable doubt to prove that. And use your common sense to decide that issue. The evidence for possession of cocaine, I acknowledge is more compelling, and I'm telling you to look at that evidence. You know, compare that evidence with the drug trafficking evidence"[7]
 {¶ 16} In viewing the above excerpt in the context of the trial as a whole, we conclude that trial counsel was merely examining the evidence the State presented, and not conceding guilt. Here, the record indicates that Crumpton's testimony was diametrically opposed to the testimony of the State's witnesses. Given the conflicting evidence, trial counsel's decision to illuminate the deficiencies in the drug trafficking charges, while acknowledging that the State presented more compelling evidence for drug possession than for drug trafficking, was a viable tactical decision. As such, trial counsel's actions fell within the wide range of reasonable professional assistance.
 {¶ 17} Nonetheless, Crumpton argues that trial counsel was ineffective for failing to advocate his position. In support of this contention, Crumpton cites *Page 8 State v. Smiley.[8] However, Smiley is distinguishable from the instant case. In Smiley, the victim, a police officer, testified that defendant hit him with his fist and defendant testified both on direct and cross-examination that he did not. No other witnesses testified for the state or the defense. In closing, instead of developing and presenting the defense of his client based upon his client's testimony, trial counsel addressed the jury and proposed a middle ground position, unsupported by his client's testimony, that his client struck the officer but that he did not do it on purpose.
 {¶ 18} Here, unlike Smiley, the record also reveals that from opening statement, throughout the trial, to closing argument, Crumpton's trial counsel argued the police officers charged the wrong person. In his opening statement, Crumpton's trial counsel stated:
 "I'm going to be arguing that the State of Ohio actually has the wrong man. That the police were in pursuit of more than just Terry Crumpton. They tackled Terry Crumpton and, therefore, they charged him with drug trafficking and possession of drugs and resisting arrest, but in fact they got the wrong man."[9]
 {¶ 19} Further, the following exchange took place during cross examination Officer Azzano: *Page 9 
 "Q. My question is are you sure that you weren't chasing other suspected drug dealers or suspects on that day?
 No, I'm positive that it was —
 You're positive?
 — the defendant.
 You are positive it was the defendant?
 Yes. * * *"[10]
 {¶ 20} Finally, during closing arguments, acknowledging that the case hinged on credibility of the witnesses, trial counsel stated:
 "* * * And then memory. We've already touched on memory. Perhaps the officers are not recalling the events of the day the way they really occurred. But we know they have to come into the courtroom, they have to testify. They saw a drug deal and they arrested somebody, and that was Terry Crumpton. But you heard Terry Crumpton's testimony and you just have to weigh the credibility of the two witnesses."[11]
 {¶ 21} We conclude on the record before us, that Crumpton's trial counsel pursued a consistent theory of the case. Throughout the trial, Crumpton's trial counsel maintained that the State had the wrong person. When the deficiencies Crumpton alleges are viewed in their entirety, and not in a vacuum, Crumpton was *Page 10 
not denied the effective assistance of counsel. Accordingly, we overrule the sole assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[2] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[3] Id. at paragraph two of syllabus.
[4] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[5] State v. Miller, 5th Dist. No. 2006CA00130,2007-Ohio-486 citing Strickland, 466 U.S. at 689; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 301.
[6] State v. Carter (1995), 72 Ohio St.3d 545, 558.
[7] Tr. at 323.
[8] (Oct. 28, 1999), Cuyahoga App. No. 72026.
[9] Tr. at 177.
[10] Tr. at 211.
[11] Tr. at 322. *Page 1